UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDDY PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>GATEWAY REGIONAL MEDICAL CENTER,<br><br>    Defendant. | Case No. 25-cv-00727-JPG |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Gateway Regional Medical Center's Motion to Dismiss (Doc. 15). Defendant asks the Court to dismiss Plaintiff Freddy Parker's amended complaint for failure to state a claim. Plaintiff did not respond to the motion within 30 days after it was served as permitted by SDIL-LR 7.1(b)(1)(A). As such, on November 21, 2025, the Court issued an order requiring Plaintiff to show cause on or before December 5, 2025, why the Court should not construe the failure to respond as an admission of the merits of the motion and dismiss his claims against Defendant. On November 28, 2025, Plaintiff responded to the order to show cause and filed his response to the motion. After reviewing both responses, the Court has decided to exercise its discretion to bend its local rules, *see Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994), and will treat Plaintiff's response to the motion as if it had been filed within 30 days.

**I.    BACKGROUND**

Plaintiff alleges the following facts in his Amended Complaint (Doc. 4). In August 2022, Plaintiff, a licensed commercial truck driver, applied for employment with Lazer Spot as a yard hostler. As part of the hiring process, Plaintiff was required to undergo a pre-employment drug test pursuant to Department of Transportation ("DOT") and Federal Motor Carrier Safety

Administration ("FMCSA") guidelines. Lazer Spot scheduled for Plaintiff to undergo the drug test at Gateway Regional Medical Center in Granite City, Illinois. On August 31, 2022, Plaintiff presented to Defendant's facility for his scheduled drug test. Plaintiff provided a urine sample in an open cup which he gave to the Collector.

      DOT regulations implement mandatory procedures for workplace drug testing. One requirement is that a Custody and Control Form ("CCF") must be used for all DOT drug tests. The CCF is a multi-carbon copy document with five copies. It is divided into seven sections, with each being completed in a certain order during the testing and collection process. Across all CCF copies, the first five portions should be identical. The DOT regulations prohibit a participant from modifying or revising the CCF, except to: (1) add information in the margins of the form that is necessary for billing; or (2) pre-print the collector, the medical review officer, or the employer's information on the form. During Plaintiff's drug test, the Collector and Plaintiff completed the first five steps of the CCF. Once the steps were complete, the Collector detached the top copy. Plaintiff then took a photo of the second copy and texted it to Lazer Spot.

      On September 1, 2022, Plaintiff received an email from the FMCSA clearinghouse. The email informed Plaintiff that it had received notice he refused to submit a DOT drug test on August 31, 2022, and that his CDL was suspended. Lazer Spot pulled its offer of employment on the same day. Plaintiff spoke to his contact at Lazer Spot and learned that an employee of Defendant called Lazer Spot and stated that Plaintiff was uncooperative, confrontational, and refused to give a urine sample. Lazer Spot reported the refusal to the FMCSA clearinghouse. Subsequently, Plaintiff discovered that Defendant altered the Collector copy of the CCF to add content on the "Remarks" line in Step 2 that is not found on the CCF form Plaintiff

photographed. The information added indicated that Plaintiff's urine was abnormally colored and that he was asked to re-test but refused. On May 7, 2025, Plaintiff filed an amended complaint against Defendant alleging one count of negligence.

## II.  LEGAL STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp.*, 550 U.S. at 555; *EEOC. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 556).

## III.  ANALYSIS

This case arises under the Court's diversity jurisdiction. It is well established that, in such cases, this Court must apply state substantive law. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Because neither party raises a conflict of law issue, the Court will apply Illinois law. *See Koransky, Bouwer & Poracky, P.C. v. Bar Plan Mut. Ins. Co.*, 712

F.3d 336, 341 (7th Cir. 2013); *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 587 n.1 (7th Cir. 2012). To state a claim for negligence under Illinois law, a plaintiff must show that: "(1) the defendant owed him a duty of care; (2) the defendant breached that duty; and (3) the breach was the proximate cause of his injuries." *Staples v. Krack Corp.*, 186 F.3d 977, 979 (7th Cir. 1999) (citing *Ward v. K Mart Corp.*, 554 N.E.2d 223, 226 (Ill. 1990)).

Defendant alleges that Plaintiff fails to state a claim of negligence for two reasons. First, Defendant argues that Plaintiff cannot establish it owed him any duty of care. To make this argument, Defendant cites to *Pasternack v. Lab'y Corp. of Am. Holdings*, 59 N.E.3d 485 (N.Y. App. Ct. 2016). However, Illinois law applies to Plaintiff's negligence claim, and there is an Illinois case directly on point. In *Stinson v. Physicians Immediate Care, Ltd.*, the court held "that a drug-testing laboratory owes a duty of reasonable care to persons whose specimens it tests for employers or prospective employers." 646 N.E.2d 930, 934 (Ill. App. Ct. 1995). Even though *Stinson* is an intermediate appellate decision, it is still operative. There is no Illinois Supreme Court case that addresses this issue, so this Court must "give great weight to the holdings of the [Illinois] intermediate appellate courts" and "deviate from those holdings only when there are persuasive indications that the [Illinois Supreme Court] would decide the case differently from the decision of the intermediate appellate court." *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002). Defendant has not pointed to any reason why this Court should disregard *Stinson*, and the Court is unable to find one.[1] Accordingly, Plaintiff's allegation that Defendant is a drug-testing laboratory that tested his urine specimen for his prospective employer Lazer

---

[1] *Stinson* is not a one-off opinion; its holding has been re-affirmed multiple times. *See Gaylord v. Presence Pain Care*, No. 3-21-0572, 2023 WL 5233402, at *4 (Ill. App. Ct. 2023); *Palonis v. Jewel Food Stores, Inc.*, 383 F. Supp. 2d 1072, 1074 (N.D. Ill. 2005); *Phillips v. Quality Terminal Servs., LLC*, 855 F. Supp. 2d 764, 780 (N.D. Ill 2012).

Spot is sufficient to establish that Defendant owed a duty to Plaintiff.

Second, Defendant argues that Plaintiff cannot establish that any conduct by it caused his injuries. "[P]roximate cause exists where an injury is the natural and probable result of a negligent act or omission and is of such a character that an ordinarily prudent person ought to have foreseen it as likely to occur as a result of the negligence." *Leone v. City of Chicago*, 601 N.E.2d 942, 948 (Ill. App. Ct. 1992). The Court finds that Plaintiff has adequately pled proximate cause. The complaint alleges that Plaintiff received an email that stated he refused to submit to drug test on August 31, 2022, the date he presented for a drug test at Defendant's facility. In addition, it alleges that an employee of Defendant called Lazer Spot and falsely stated that Plaintiff refused to provide a urine sample. Plaintiff alleges that, because of that false statement, Lazer Spot rescinded his offer of employment and his CDL was suspended. Both injuries—suspension of his CDL and recission of his offer of employment—are the foreseeable result of refusing to submit to a DOT drug test. *See Stinson*, 646 N.E.2d at 933 ("Here, the injury that the plaintiff would be terminated from his employment, is not only foreseeable, but also is a virtual certainty in the event of a positive drug test result."); *What If I Fail or Refuse a Test?*, FED. MOTOR CARRIER SAFETY ADMIN. (Dec. 10, 2024) (stating that refusal to submit to a drug test is generally equivalent to testing positive to a drug test).[2] Therefore, at this stage, Plaintiff's allegations are sufficient to establish that Defendant's conduct caused his injuries.

## IV. CONCLUSION

The Court finds that Plaintiff has adequately pled his claim of negligence. Accordingly, it DENIES Defendant Gateway Regional Medical Center's Motion to Dismiss (Doc. 15).

---

[2] https://www.fmcsa.dot.gov/regulations/drug-alcohol-testing/what-if-i-fail-or-refuse-test

**IT IS SO ORDERED.**
**DATED**:   **January 8, 2026**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**