**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FREDDY PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | 3:25-cv-00727-JPG |
| ) | |
| GATEWAY REGIONAL MEDICAL ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |

**GATEWAY REGIONAL MEDICAL CENTER'S
MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY**

Defendant Gateway Regional Medical Center ("Gateway"), by and through its undersigned

counsel, respectfully moves this Court for an Order precluding Plaintiff Freddy Parker ("Parker")

from relying on the reports or opinions of any expert witness who was not properly disclosed in

accordance with the Federal Rules of Civil Procedure or the Court's Order Adopting Joint Report

and Proposed Scheduling and Discovery Order (Doc. 20) for the reasons stated herein.

**I.    INTRODUCTORY STATEMENT AND RELEVANT BACKGROUND**

This case centers around an August 31, 2022 pre-employment drug test.  Parker seeks to

recover from Gateway, a test sample collection site, based on his contention that Gateway caused

him damages when it "altered" the forms mandated by the Department of Transportation ("DOT")

for use by collection facilities to reflect that he had refused to submit a second urine sample.  This

case is Parker's second bite at the apple, as he previously filed a Complaint with similar allegations

against Gateway and voluntarily dismissed it before the parties had completed the discovery process ("*Parker I*").[1]

On February 14, 2025, before Parker filed his Complaint in this case ("*Parker II*"), his counsel contacted the undersigned to inquire about the potential for pre-litigation resolution.  In that communication, Parker's counsel referenced Parker's emotional distress damages and attached a single page from a purported expert report regarding emotional distress damages and alluded to his intent to utilize an expert witness to testify about proper DOT collection procedures.[2] In response to this letter, the undersigned requested that Parker's counsel provide a copy of the report from Parker's DOT expert.  Parker's counsel declined to provide a copy, saying that he did not have a report at the time, but "[o]bviously, [the undersigned] would receive all expert discovery consistent with the Federal Rule if this case is re-filed."  Further, although he had the expert report addressing emotional distress damages in his possession at the time he sent the letter, Parker never provided this report to Gateway.

A couple of months later, *Parker II* was filed.  Counsel for the parties met and conferred to establish a proposed schedule for this litigation in September 2025.  (Doc. 20-1).  During that meeting, counsel agreed that Parker would disclose expert witnesses, "along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2)" by February 2, 2026.  *Id*.  Gateway would, in turn, disclose its expert witnesses by March 4, 2026. *Id*.  This Court adopted the parties' schedule in an Order dated October 17, 2025.  (Doc. 20).

---

[1] *See* Complaint, *Freddy Parker v. Gateway Regional Medical Center*, 3:23-cv-01323 (S.D. Ill. May 1, 2023).

[2] The undersigned is not attaching this letter as an exhibit since it was sent in the context of settlement discussions, but is happy to file the relevant communications under seal should the Court request them.

Despite already having one expert report in his possession, already having identified a second purported expert, being allowed approximately 2.5 months to identify and properly disclose experts and despite Gateway's attempts to discover relevant information about potential experts through written discovery,[3] Parker failed to properly disclose any expert witnesses in advance of his deadline.  Curiously, on March 10, 2026, over a month after the disclosure deadline had passed, Parker's counsel noted in a letter to the undersigned that he intended to rely on expert witnesses and would disclose them "per the Court's scheduling order."  *See* Exhibit B, Letter from Matthew Fletcher.  The undersigned immediately responded to Parker's counsel to notify him that the expert disclosure deadline had passed and that Court intervention would be needed if he intended to rely on experts that he had not properly disclosed.  *See* Exhibit C, Letter from Erin Pelleteri Howser. The parties convened a telephonic conference to discuss these issues on March 16th, and on March 17th Parker's counsel served a copy of an expert report from Dr. Gregory Sarlo, who evaluated Parker's emotional distress damages.  The belated report from Dr. Sarlo is the only expert report that has been produced in this case.  Given the prejudice that Gateway will suffer and Parker's continued non-compliance with this Court's orders,[4] Gateway seeks a Motion *in Limine* barring Parker from relying on the reports or opinions of any expert witnesses in this case.

## II.   ARGUMENT

### A.   *Parker Failed to Comply with the Rules Governing Expert Witness Disclosure.*

Federal Rule of Civil Procedure 26(a)(2) governs the requirements for disclosure of expert witnesses.  Expert witnesses fall into two categories: (1) retained experts, who are required to

---

[3] Gateway explicitly asked Parker to produce any and all documents that supported or formed the basis for any expert witness opinions on which he intended to rely.  Parker responded to Gateway's Requests for Production on December 8, 2025 and indicated that he had no such documents.  *See* Exhibit A, Parker's Responses to Gateway's Requests for Production, No. 13.

[4] *See* Section II(B), *infra*.

provide a report and (2) non-retained experts, who are generally not required to provide a report. *See* Fed. R. Civ. P. 26(a)(2).  Although non-retained experts are not required to provide a report, the party utilizing such an expert is required to provide the subject matter on which the expert is expected to present evidence as well as a summary of the facts and opinions about which they expect the expert to testify.  *See* F.R.C.P. 26(a)(2)(C).  In addition to the requirements of Rule 26, Parker is also subject to the terms of this Court's Order Adopting Joint Report and Proposed Scheduling and Discovery Order, which required Parker to disclose expert witnesses, including their written reports pursuant to Rule 26, no later than February 2, 2026.  *See* Doc. 20.

Gateway also propounded written discovery to Parker seeking to discover the identity of any purported expert witnesses and asking for the production of their reports.  *See* Exhibit A. Despite the requirements of the federal rules, this Court's Order, and Gateway's efforts to obtain necessary information about experts, Parker failed to make the required expert disclosures by the deadline.  Because Parker did not identify any expert witnesses, Gateway did not have a need to identify any rebuttal expert witnesses.

On March 10th, over a month after Parker's expert disclosure deadline had passed, Parker's counsel represented in a letter to the undersigned that Parker intended to rely on an unnamed expert, and that individual would be disclosed "per the Court's scheduling order."  *See* Exhibit B. There was no indication in the letter about who the expert would be or what the subject of the expert's testimony would be.  The undersigned immediately responded to this letter and informed Parker's counsel that the expert witness disclosure deadline had passed, and that this issue would need to be raised with the Court.  *See* Exhibit C.  Counsel for the parties then discussed this issue during a telephonic conference on March 16th, and Parker's counsel served a report from his retained expert, Dr. Gregory Sarlo, on March 17th.  The undersigned immediately notified Parker's

4

counsel for the second time that Court intervention would be sought based on Parker's belated disclosure.  *See* Exhibit D.

> B.      *Parker's Failure to Disclose Was Neither Substantially Justified Nor Harmless; Thus, Exclusion of His Purported Expert is Automatic and Mandatory.*

"The purpose of the disclosure requirements is to guard against prejudice to the opposing party."  *Beauchamp v. City of Dixon*, 2014 WL 901437, at *3 (N.D. Ill. Mar. 7, 2014).  Formal disclosure of experts "is not pointless" because "[k]nowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial."  *Id.* (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004)).  Without this notice, a party may miss its opportunity to disqualify an expert or retain rebuttal experts.  Therefore, pursuant to Federal Rule of Civil Procedure 37(c), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party **is not allowed** to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless." (emphasis added).  Said another way, the exclusion of nondisclosed evidence is **automatic and mandatory** under Rule 37 unless the non-disclosing party can establish the non-disclosure was substantially justified or harmless.  *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 951 (7th Cir. 2018) (citing Fed. R. Civ. P. 37(c)(1) and excluding proffered damages expert for failure to properly disclose); *Musser*, 365 F.3d at 758.

The Seventh Circuit has identified four relevant factors to consider when evaluating whether a failure to disclose was substantially justified or harmless: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."  *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012) (internal quotation marks and citation omitted).  Determining whether Parker's violation of

Rule 26(a)'s disclosure requirement is justified or harmless is left to the discretion of this Court. *See, e.g., Karum Holdings*, 895 F.3d at 952. Here, although all of the factors weigh in favor of exclusion, factor four – Parker's bad faith or willful failure to disclose – overwhelmingly weighs in favor of exclusion and indicates that Parker's failure to disclose was neither substantially justified nor harmless.

1. Gateway Will Be Prejudiced if Parker is Allowed to Utilize Expert Witnesses at this Juncture and Parker Cannot Cure Said Prejudice.

Gateway will be severely prejudiced if Parker is allowed to utilize his proposed non-disclosed expert witnesses at this juncture. Despite Gateway's repeated requests, Parker had not produced a single document referencing any expert's opinion until his belated production on March 17th. Moreover, Gateway's deadline to retain a rebuttal witness has passed and, in reliance on Parker's failure to designate an expert witness, Gateway has not retained a rebuttal expert. Had Gateway known that Parker intended to rely on expert witnesses, and had Gateway received a proper expert witness disclosure from Parker, it certainly would have explored its option to retain a rebuttal witness and may have evaluated the case differently. Additionally, because Parker is litigating this issue for the second time, Gateway has already been prejudiced by having to engage in written discovery with Parker a second time regarding allegations that are now over four years old. Parker cannot cure the prejudice that would be suffered by Gateway if he is allowed to utilize the report of an expert witness who was not properly disclosed – particularly given the facts and timing of this specific failure to disclose.

2.    <u>Trial of This Matter Would be Delayed.</u>

The trial of this matter – which has been set for October 19, 2026 – would be delayed if Parker is allowed to use an expert witness at this juncture.  Should Parker be allowed to utilize an expert witness, Gateway would necessarily need time to depose that individual, obtain additional discovery regarding the individual's qualifications and opinions (including the time needed to engage in any motion practice related to the additional written discovery), identify and retain its own rebuttal expert, and likely engage in *Daubert* briefing.  *See, e.g., Karum Holdings*, 895 F.3d at 952.   The current deadline for mediation in this case is April 22, 2026,[5] expert witness depositions are due to be completed by May 4, 2026, the discovery cutoff is May 22, 2026, and trial has been scheduled for October 19, 2026.  *See* Doc. 20-1  The case would necessarily need to be delayed for several months to account for Parker's belated disclosure.

Moreover, even if the Court were to consider delaying the current trial setting, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery."  *Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010).  "[I]t is the court's prerogative – indeed, its duty – to manage its caseload and to set and enforce discovery and other significant deadlines. . . . A party does not have the option of complying with those deadlines or ignoring them and then demanding that the court and the opposing party restructure the discovery schedule to accommodate the violation."  *Id*. (internal citations omitted).  Here, Gateway respectfully submits that the Court should not restructure the discovery and trial schedule to accommodate Parker's continued failure to abide by court-ordered deadlines, and it should instead bar Parker from relying on expert testimony.

---

[5] The parties have also already scheduled the court-ordered mediation session for April 16, 2026.

### 3. Parker's Failure to Disclose Was Willful and in Bad Faith.

This factor weighs heavily in favor of a finding that Parker's failure to disclose was not substantially justified or harmless. As an initial matter, this is the **third** of this Court's deadlines that Parker has simply chosen not to abide by. First, Parker blatantly disregarded the Court's instruction in its October 2025 Scheduling Order that initial interrogatories and requests for production must be served on opposing parties by November 6, 2025. *See* Doc. 20-1. Instead, Parker elected to serve his initial written discovery on Gateway on November 10, 2025. *See* Exhibit E, Parker's Initial Written Discovery Requests.

Then, in November 2025, Parker was subject to an Order to Show Cause because he failed to respond to Gateway's Motion to Dismiss and failed to seek an extension of the response deadline either before or after the deadline passed. *See* Doc. 24. In response to the Court's Order to Show Cause, Parker's counsel represented that he assumed there was no response deadline because the Court did not enter a briefing schedule. *See* Doc. 26. He further indicated that he did not take any action to determine whether a response deadline applied, including reviewing the local rules or contacting the Court for clarification, and that he apologized for his oversight. *Id*. He ended his response by "assur[ing] the Court that he will strictly comply with all future deadlines and procedural requirements of this District." *Id*.

However, despite this apology and promise to abide by future deadlines, Parker's counsel has once again unilaterally determined that he still does not have to abide by this Court's Scheduling Order, and in keeping with that determination, he has served a belated expert report. His latest disregard of this Court's Orders and deadlines appears to follow the same course as his prior violations, and his continued disregard for the Court warrants exclusion of Parker's purported expert as a sanction.

Critically, Parker's belated expert report was prepared on August 22, 2024 – **18 months** before the deadline for disclosure of experts in this case and 8 months before *Parker II* was even filed. This means that Parker was aware that he had an expert report for months in advance of the disclosure deadline, yet he still failed to disclose it. It also means that he knowingly provided an untruthful response to Gateway's Requests for Production Nos. 8 and 13, both of which sought information about damages and expert reports, when he answered them as follows:

> **Request for Production No. 8:** Produce any and all documents or communications of any nature relating to your alleged damages in this case or any calculation of your alleged damages.
>
> **ANSWER: None.**
>
> . . . .
>
> **Request for Production No. 13:** Produce any and all documents that support or form the basis for any expert witness opinions offered by you.
>
> **ANSWER: None.**

*See* Exhibit A. Parker served these responses on Gateway on December 8, 2025 – a little over 15 months after he had received his expert's report. Instead of producing the report that was in his possession at this time – or at all in advance of the disclosure deadline – Parker willfully opted to wait to produce his expert report until after Gateway's deadline to disclose a rebuttal witness had passed. Such behavior clearly rises to the level of bad faith and should not be tolerated.

Additionally, when faced with a letter from Gateway on February 18, 2026 that addressed deficient discovery responses regarding expert witnesses, Parker again simply chose not to engage with a response deadline. When prompted a second time to address discovery deficiencies, Parker responded at 7:00 p.m. on the response deadline and simply noted that he would disclose experts pursuant to the Court's scheduling order – presumably without first checking to see that the deadline had long passed. It is abundantly clear at this juncture that Parker has no respect for the

deadlines set by this Court or the discovery process in this case.  Parker's continued disregard of the Court's orders and failure to engage with Gateway in the discovery process in good faith warrants a finding that this latest failure was willful and in bad faith.

   C.      *Parker's Expert Witness Disclosure Deadline Should Not Be Extended.*

Precedent within the Seventh Circuit is clear that when a discovery deadline has already passed, any party seeking to extend such deadline must establish both good cause and excusable neglect to obtain an extension.  *Naud v. City of Rockford,* 2013 WL 4447028, at *5 (N.D. Ill. Aug. 16, 2013); *see also Adams. v. City of Indianapolis,* 2014 WL 406772, at *10 (7th Cir. Feb. 4, 2014) (noting that when a deadline set in a Rule 16(b) scheduling order has passed, it may be extended only upon a showing of both good cause and excusable neglect).  Further, Federal Rule of Civil Procedure 16(b)(3)(A) grants this Court the power to set discovery deadlines, and Rule 16(b)(4) provides that a schedule may be modified only for good cause and with the judge's consent.  Thus, it is purely within the discretion of this Court to maintain the current schedule for this case. Therefore, for the reasons explained above, to the extent Parker seeks an extension of his deadline to disclose expert witnesses, his request should be denied because he cannot establish good cause or excusable neglect.

   D.      *Gateway Is Entitled to its Attorneys' Fees Associated with the Filing of this Motion.*

Federal Rule of Civil Procedure 37(c)(1)(A) specifically authorizes this Court to "order payment of the reasonable expenses, including attorney's fees" caused by Parker's failure to properly disclose expert witnesses.  As such, given Parker's willful failure to timely disclose expert witnesses as described herein, Gateway seeks recovery of its attorneys' fees and costs associated with the filing of this Motion.

### III.    CONCLUSION

For the foregoing reasons, Gateway respectfully asks this Court to grant its Motion *in Limine* and bar Parker from relying on the reports or opinions of any expert witness who was not properly disclosed in accordance with Rule 26 and the Court's Order Adopting Joint Report and Proposed Scheduling and Discovery Order (Doc. 20).  Gateway also respectfully asks the Court to award it its attorneys' fees associated with the filing of this Motion.

Respectfully submitted this 6th day of April, 2026.

Richard J. Behr, #06202433
EVANS & DIXON, LLC
211 N. Broadway, Suite 2500
St. Louis, MO  63102
Phone : (314) 552-4048
Fax: (314) 884-4448
rbehr@evans-dixon.com

*/s/ Erin Pelleteri Howser*
Erin Pelleteri Howser,
   Admitted *Pro Hac Vice*
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
(504) 566-5200 – telephone
(504) 636-4000 – facsimile
epelleteri@bakerdonelson.com

Cayman L. Caven,
   Admitted *Pro Hac Vice*
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1901 Sixth Avenue North, Suite 2600
Birmingham, AL  35205
(205) 250-8364 – telephone
(205) 322-8007 – facsimile
ccaven@bakerdonelson.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have filed a true and correct copy of the foregoing using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

Respectfully submitted this 6th day of April, 2026.


*/s/ Erin Pelleteri Howser*
Erin Pelleteri Howser
*Attorney for Defendant*